IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: _____

BENJAMIN SCHMIDT,

*Plaintiff,*

v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA,

*Defendant.*

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff BENJAMIN SCHMIDT ("Mr. Schmidt" or "Plaintiff"), by and through undersigned counsel, complaining of Defendant TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA ("TIAA") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant, Teachers Insurance and Annuity Association of America ("TIAA") is a life insurance company created under the laws of New York and doing business in North Carolina with its principal place of business located at 730 3rd Ave, New York, New York, 10017 and may be served with process at this address. Christine Merriman, General Counsel, Laurie Gomez, Associate General Counsel, Julie Calderon Rizzo, Associate General Counsel are appropriate recipients of service on behalf of Teachers Insurance and Annuity Associate of America at 730 3rd Avenue, New York, NY 10017. Corporate Service Company is the registered agent for Teachers Insurance and Annuity Association of American and is located at Corporate Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

3. Jurisdiction is proper in the United States District Court pursuant to 28 U.SC. §

1

1332.

4.      Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1331.

5.      Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1337.

6.      Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1343.

7.      Jurisdiction is proper in the United States District Court pursuant to 42 U.S.C. § 2000e-5(f)(3).

8.      The United States District Court for the Western District of North Carolina is the proper venue to adjudicate this action.

## FACTS

9.      The allegations in the foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

10.     Plaintiff holds deep and sincere religious beliefs as an openly professing Christian who grew up in a family that practiced Catholicism.

11.     Plaintiff has maintained a life long belief that there is a divine relationship between nature, man and what Individuals believe God to be.

12.     Plaintiff believes Nature is a reflection of God and His majesty evidenced by the tiniest cell to the galactic expanses of our observable universe.

13.     Plaintiff maintains a belief that by necessitating a man-made vaccine as the sole method of preventing the spread of and treating Covid-19, God's plans are being interfered with, contrary to his belief of the sufficiency of and faith in his God given immune system.

14.     Plaintiff previously was employed by Bank of America from 2003 until 2006 working as a System and Data Security Specialist and Systems Engineer.

15.     Subsequent to his time working for Bank of America, Plaintiff was employed by Ernst & Young, working as a Senior IT Auditor.

2

16.     Plaintiff came to work for TIAA in January of 2008.  Mr. Schmidt held multiple positions at TIAA over the many years he spent with the company.  He served as a "Senior IT Auditor", from January 2008 until February 2012.  In March of 2012 Mr. Schmidt was promoted to "Manager, IT Audit", and he held this position until February 2016.  In March of 2016, Mr. Schmidt was subsequently promoted again to the position of "Senior Manager, IT Audit".

17.     When Covid-19 was announced in the United States, Defendant TIAA and its subsidiaries, instructed all employees, including Plaintiff, to perform all employment duties and responsibilities remotely from home.

18.     From March 2020 until March 2022, Plaintiff fully and satisfactorily performed his employment duties and responsibilities with Defendant from home, continuing to receive positive performance reviews.

19.     Throughout his employment with Defendant, including all time he was instructed to work from home, Plaintiff never received a reprimand or any other communication advising him of any alleged improper conduct or deficiency in the performance of his work responsibilities.

20.     In November 2021, TIAA issued a vaccine mandate purporting to require all U.S. employees, and any employees of its subsidiaries, to be fully vaccinated against COVID-19 by March 1, 2022, with one of the available vaccines allowed in the United States as a condition of continued employment (the "Vaccination Mandate").

21.     In short, the Vaccination Mandate provided that an employee would be terminated if he or she was not fully vaccinated against COVID-19 by March 1, 2022, absent an exemption from the Policy.

22.     On November 19, 2021, Plaintiff submitted a religious exemption/accommodation request (the "Religious Accommodation Request") through the designated TIAA channels detailing his sincerely held religious beliefs as a Christian, which prohibited him from complying with the

3

Vaccine Policy. A copy of his Religious Accommodation Request is attached as Exhibit "A" to this Complaint.

23. On January 4, 2022, Plaintiff was perfunctorily interviewed by the TIAA Human Resources Department.

24. On March 2, 2022, Plaintiff was involuntarily terminated, solely for his refusal to comply with TIAA's Vaccine Mandate.

25. Subsequent to the interview by TIAA Human Resources and prior to Plaintiff's termination, Plaintiff engaged in one-on-one communications with Mark Moore (IT Auditor Director), Chris Wiseman (Senior Managing Director and SVP IT Audit), and Mike Cowell (Chief Audit Executive) concerning his request for religious exemption from the Vaccine Mandate. From these conversations, Plaintiff believes that the decisions concerning accommodation of religious exemption requests from the Vaccine Mandate were the exclusive domain of TIAA's Human Resources department and that these men could not override the TIAA Human Resources department's denial of his request even if they wanted to.

26. Plaintiff was informed that there was no process by which he could appeal the decision to deny his request for religious accommodation or exemption from the Vaccine Mandate.

27. On information and belief, Plaintiff asserts that Defendant granted very few Religious Accommodation Requests to employees in North Carolina, and did not follow its own internal procedures to consider such requests in accordance with legally established guidelines for complying with federal and State law.

28. Despite Defendant's hard line rejecting most Religious Accommodation Requests in North Carolina and most other States, Plaintiff is informed and believes that Defendant granted a much larger percentage of Religious Accommodation Requests to employees in Florida and Texas, and possibly other States.

4

29.     Plaintiff was informed of the decision by Defendant to deny his Religious Accommodation Request on January 13, 2022 via email from Ned Godwin.

30.     Deciding to rely on his belief and faith in God, Plaintiff was not vaccinated with the Covid-19 vaccines available under the federal government's Emergency Use Authorization, and his employment was terminated on March 2, 2022, solely for his refusal to receive this experimental Covid-19 treatment.

31.     On information and belief, other similarly situated Christian employees of Defendant who requested Religious Accommodations were also denied an opportunity to appeal summary wrongful denials of their requests.

32.     On or about April 29, 2022, Plaintiff filed a formal Charge of Discrimination with the EEOC alleging violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act of 2008. A copy of this Charge is attached to the Complaint as Exhibit "B".

33.     On or about September 25, 2023, the EEOC issued Plaintiff a Notice of Right to Sue Letter. A copy of this Notice of Right to Sue Letter is attached to the Complaint as Exhibit "C".

34.     At the time of the filing of this Complaint, Defendant has withdrawn the Vaccine Mandate ("or Vaccine Policy") effective January 1, 2023, tacitly recognizing the validity of Plaintiff's objections to this requirement for employment and the legitimacy of Plaintiff's requests for exemption and/or accommodation to allow him to remain employed while following his sincere religious convictions.

35.     Upon information and belief, Plaintiff is informed and believes that the Vaccine Mandate was used as a pretext for the termination of employees who would not blindly follow the company line in violation of their legal rights under the Constitutions and laws of the United States and the State of North Carolina.

36.     As a direct and proximate result of Defendant's actions Plaintiff has suffered both economic and noneconomic damages compensable under federal and/or state law in amounts to be determined after a full hearing of all facts to be further developed in discovery applied to the applicable law.

### FIRST CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act of 1964 – Denial of Accommodation)

37.     The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

38.     At all times relevant to this Complaint, Defendant was an employer covered by Title VII of the Civil Rights Act of 1964.

39.     Prior to his separation from employment with Defendant, Plaintiff was an employee of Defendant and was a member of a protected class covered by Title VII of the Civil Rights Act of 1964.

40.     Plaintiff is a Christian with sincerely held religious beliefs which prevented him from receiving any available vaccine offered for any claimed protection against the Covid-19 infections.

41.     Defendant imposed a Covid-19 vaccination mandate which conflicted with Plaintiff's sincerely held religious beliefs and compliance would have required him to violate his conscience.

42.     Plaintiff was qualified for his employment position with Defendant and was meeting all defined employment requirements for his position when the mandate was issued.

43.     Plaintiff made a properly supported request for a religious exemption / accommodation to his employer under Title VII of the Civil Rights Act of 1964.

44.     In addition to making a request for religious accommodation to his employer, Plaintiff explained his bona fide religious beliefs to his supervisors and made his request directly to them.

45.     Defendant was fully aware of Plaintiff's bona fide religious beliefs and/or practices, and that compliance with Defendant's vaccine mandate conflicted with his religious beliefs and/or

6

practices.

46.     At the time, Defendant refused to consider any exemption and/ or reasonable accommodations for Plaintiff's continued employment, Plaintiff was performing his job duties at a level that met Defendant's legitimate expectations.

47.     Granting Plaintiff's request for religious accommodation would not have caused Defendant any undue hardship; accordingly, Defendant wrongfully denied Plaintiff's Request for religious accommodation under Title VII.

48.     Upon information and belief, Plaintiff's job position remains open or was otherwise filled by similarly qualified applicants outside of the protected class.

49.     As a direct and/or proximate result of Defendant's actions, Plaintiff has been injured and is entitled to compensatory damages and all other appropriate legal and equitable relief available under federal law.

50.     Defendant's actions, as described herein and above, are violations of the 1964 Civil Rights Act et seq.

<strong>SECOND CAUSE OF ACTION</strong><br><strong>(Violation of Title VII of 1964 Civil Rights Act <em>et seq</em>.; and 42 U.S.C. § 2000e et seq. – Wrongful Termination/Constructive Discharge )</strong>

51.     The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

52.     Following denial of Plaintiff's request for religious exemption and/ or accommodation, Defendant terminated Plaintiff's employment for his refusal to violate his conscience and comply with the vaccination mandate.

53.     Plaintiff should have, but did not, receive an exemption to the Defendant's vaccination mandate under Title VII, making Defendant's termination of Plaintiff's employment unlawful.

7

54. Plaintiff's constructive discharge and "express" termination was involuntary and against his will following the denial of his religious exemption and/ or accommodation request and Defendant's ultimatum that Plaintiff be vaccinated in violation of his sincerely held religious beliefs and his personal conscience or suffer termination and loss of employment opportunities and benefits—such mandate and demand is so unreasonable as to compel any reasonable person to refuse to comply.

55. As a result of the Defendant's violation of Plaintiff's rights under Title VII, he has been injured financially and otherwise. Plaintiff is therefore entitled to compensatory damages and other appropriate legal and equitable relief provided by federal law.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of Title VII for**
**Engaging in Protected Activity 42 U.S.C. § 2000e *et seq.*)**

56. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

57. Plaintiff engaged in protected activity within the meaning of Title VII.

58. Such protected activity included requesting a religious exemption and/ or accommodation and complaining about perceived unlawful discrimination suffered by himself and others.

59. Defendant, as Plaintiff's employer, soon thereafter took adverse employment action, including threatened termination, against Plaintiff following his protected activity. Adverse employment action taken by Defendant included, but was not limited to, the invasive and burdensome questionnaire required of those, including Plaintiff, who sought a religious accommodation.

60. There was a causal connection between Plaintiff's protected activity and Defendant's adverse employment actions.

8

61.     As a result of the Defendant's violation of Plaintiff's rights under Title VII, Plaintiff has been injured financially and otherwise. Plaintiff is therefore entitled to compensatory damages and all other appropriate legal and equitable relief provided by federal law.

## FOURTH CAUSE OF ACTION
## VIOLATION OF NORTH CAROLINA LAW

62.     The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

63.     Plaintiff, by adhering to his religious beliefs that prohibit him from complying with the Vaccine Mandate, participated in conduct protected by North Carolina law.

64.     Plaintiff, by adhering to his religious beliefs that prohibit him from complying with the Vaccine Mandate, refused to participate in conduct that would violate North Carolina public policy.

65.     Plaintiff's participation in conduct protected by North Carolina law was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

66.     Plaintiff's refusal to participate in conduct that would violate North Carolina public policy was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

67.     As a direct and/or proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1.     For entry of a money judgment in favor of Plaintiff and against Defendant, in an amount to be determined at trial but believed to be in excess of $75,000.00;

2.     For an award of pre-judgment interest at the maximum rate allowed by law;

3.     For an award of punitive damages;

4.     For an award of Plaintiff's costs and reasonable attorney's fees to the maximum

9

extent allowed by North Carolina and/or federal law, including but not limited to, 42 U.S.C.

§ 1988, 42 U.S.C. § 2000e-5, N.C. Gen. Stat. § 6-21.5, N.C. Gen. Stat. § 6-21.7, and as

otherwise allowed by law;

5.      For a trial by jury on all issues so triable; and

6.      For such other and further relief that the Court may deem just and proper.


THIS the 20th day of December, 2023.


/s/ Yale P Haymond
Yale P. Haymond
N.C. Bar No. 53919
Attorney for Plaintiff


YALE HAYMOND LAW PLLC
7421 Carmel Executive Park Drive, Suite 105
Charlotte, NC 28226
Phone:  704-800-4357
Fax:      704-500-2728
Email:   yale@yalehaymondlaw.com

# Exhibit A



**IMPORTANT INFORMATION**
**Associates Requesting a Religious Accommodation:**
1.  Complete Associate Information in Sections 1 & 2
2.  Return the form to HR Services at HRServices@tiaa.org or fax to 1-877-554-1007

**SECTION 1: TO BE COMPLETED BY ASSOCIATE**

Name (Please Print)

Benjamin Schmidt

Employee Number

15478

Email Address

BSchmidt@tiaa.org

Phone Number

704-988-6431

Work Location

Charlotte, NC

Department Name

Internal Audit Services

Position/Title

Senior Manager, IT Audit

Manager Name

Mark Moore

Manager Phone Number

312-917-8054

Manager Email Address

Mark.Moore@tiaa.org

**RELIGIOUS ACCOMMODATION REQUEST FORM**

---

**SECTION 2: TO BE COMPLETED BY ASSOCIATE**

1. What is work conflict (Type and Description)?

- [ ] (a) Schedule
- [ ] (b) Task Assignment
- [ ] (c) Dress Code
- [x] (d) Other. Explain Below

> TIAA workplace policy that requires all U.S. employees to be fully vaccinated against COVID-19 and provide documentation of full vaccination.

2. What is the accommodation you are requesting?

> I am requesting a religious accommodation, consistent with applicable law, to the TIAA workplace policy that requires all U.S. employees to be fully vaccinated against COVID-19 and provide documentation of full vaccination.

3. What is the nature of your objection to the current requirement?

> It is my sincerely held belief that there is a divine relationship between nature, man, and what individuals believe God to be. Nature is a reflection of God and its majesty is evidenced in the tiniest cell to the galactic expanses of our observable universe. By necessitating man-made vaccine as the sole path, dismisses the billions of years that nature has taken to bring us to the current day of man on Earth, and conceivably interferes natures or Gods plan.
>
> Based on my sincerely held religious, ethical, and medical beliefs on what is right for me and my family, as described in this request for a religious accommodation, I cannot receive the current COVID-19 vaccines.

4. How long have you held the religious belief underlying your objection?

> My religious and ethical beliefs are rooted in being raised in a Christian family. Throughout my life I have sought to sustain those moral principles that I know are right in my heart, conscience thought, and the actions I am accountable for in my life.

5. Would complying with the current requirement substantially burden your religious belief? If so, explain how.

> Yes, I have thought very deeply for an extensive amount of time about how I should respond to this workplace policy to require COVID-19 vaccination, and I cannot compromise my personal integrity that is based on my sincerely held religious, ethical, and medical beliefs on what is right for me and my family. Therefore, I cannot in good conscience receive the current COVID-19 vaccines.

6. What is the length of time the accommodation is needed? Please explain.

> I am requesting accommodation for the duration of time necessary to meet any requirements of the TIAA COVID-19 Vaccination policy.

Please also respond to Questions 7-10 ONLY if you are requesting COVID-19 exemption from vaccination

7. Please describe whether, as an adult, you have received any vaccines against any other diseases (such as a flu, pneumonia, tetanus or other vaccine) and, if so, what vaccine you most recently received and when, to the best of your recollection.

> I have received vaccines in the past that have been well established over very long periods of time. The last vaccine I received was a flu shot on 9-18-2020.

8. If you do not have a religious objection to the use of all vaccines, please explain why you have objection to particular vaccines.

> During the last week of November 2020, my mother and father both tested positive for COVID-19. There were no medications administered, only supplemental vitamins to support natural immune response. My mother died of pneumonia at the age of 85 on January 8, 2021. My father had symptoms of COVID-19, and his natural immune response resulted in full recovery. My father was a relatively healthy and lively man for his age. My father was living in an assisted living facility and was fully vaccinated over a sequence of time during the spring 2021. My father's heart unexpectedly stopped on August 31, 2021 at the age of 93. Based on arrangements made many years prior, my father's wishes were that his body be donated to medical science. My father's body is currently still within that medical science program, and I have no additional information regarding contributing causes of his death.
>
> My own physiological body type is very akin to my father's body type and biological functions. My internal medicine physician recorded in my medical record on 7-8-2020 a "family history of coronary arteriosclerosis". Arteriosclerosis is the thickening, hardening, and loss of elasticity of the walls of arteries, which gradually restricts the blood flow to one's organs and tissues, and contributes to coronary artery disease (CAD). Genetic-epidemiologic studies have identified genetic and non-genetic risk factors for CAD, with family history being the most significant independent risk factor.
>
> Approximately December 13, 2020, my immediate household family members contracted COVID-19 with exhibited symptoms. I personally took no medications for my COVID-19 symptoms, and only used supplemental vitamins to support natural immune response. My natural immune response resulted in full recovery. My wife had more significant COVID-19 symptoms that lasted for several weeks, and longer term symptoms that lasted for several months before fully recovering. My wife personally took no medications for her COVID-19 symptoms, and only used supplemental vitamins to support natural immune response. My school age son and daughter exhibited minimal symptoms for a shorter time period, and fully recovered.
>
> With regard to the question on my objection to these particular COVID-19 vaccines, I believe that these vaccines have not undergone enough long-term testing, and thus could cause potential long term adverse effects. As such, I cannot put a foreign substance into my body that has the potential to cause grave harm or my own death based on my family history.
>
> Furthermore, the historical acceptance of natural immunity for other known viruses, combined with thirty coronavirus studies exhibiting efficacy of immune response is a valid perspective worth considering. [1]
>
> [1] Natural Immunity and Covid-19: Thirty Scientific Studies to Share with Employers, Health Officials, and Politicians; October 10, 2021. https://brownstone.org/articles/natural-immunity-and-covid-19-twenty-nine-scientific-studies-to-share-with-employers-health-officials-and-politicians/

9. If there are any other medicines or products that you do not use because of the religious belief underlying your objection, please identify them.

> None. I have been generally in good health throughout my life, and I do not currently take any medications.

10. Have you declined any other medical treatments due to your religious beliefs as an adult? If so, please explain.

> No, I have been generally in good health throughout my life, so there have not been any other medical treatments to decline.

11. Please provide any additional information that you think may be helpful in reviewing your request.

> I have thought very deeply for a long time about how I should respond to this workplace policy to require COVID-19 vaccination, and I cannot compromise my personal integrity that is based on my sincerely held religious, ethical, and medical beliefs on what is right for me and my family. Therefore, I cannot in good conscience receive the current COVID-19 vaccines.
>
> Thank you for your consideration.

Signing this form constitutes a declaration that the information you provide is, to the best of your knowledge and ability, true andcorrect. Any intentional misrepresentation may result in legal consequence, including termination.

I declare to the best of my knowledge and ability that the foregoing is true and correct.

Associate's Signature

*Benjamin Schmidt*

Date of Request

11-19-2021

# Exhibit B

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **430-2022-01730** |

| | and EEOC |
|---|---|
| **Not Applicable** | |
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Benjamin Schmidt | 704-362-2710 | |

Street Address

7016 Foxworth Drive

CHARLOTTE, NC 28226

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Teachers Insurance and Annuity Association of America (TIAA) | 201 - 500 Employees | |

Street Address

730 3RD AVE

NEW YORK, NY 10017

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest · · · · · · · · · · Latest |
| Religion | 01/03/2022 · · · · · · · · · 03/02/2022 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am a former Senior IT Audit Manager for the above-referenced employer.    In November 2021, my employer announced that all US-based employees must be fully vaccinated by March 1, 2022.  I submitted a request for a religious exemption (reasonable accommodation) on a form provided by my employer and  I explained my sincerely-held religious belief that there is a divine relationship between nature, man, and God and that a vaccine interferes with that relationship.  My request for an exemption was denied on January 13, 2022 without explanation.    In accordance my religious beliefs, I did not get vaccinated.  On March 2, 2022, I was informed that I was terminated effective immediately for failing to get vaccinated and my employer proposed no alternative reasonable accommodation.    I believe that I have been discriminated against because of my religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Benjamin Schmidt** **04/29/2022** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Charging Party Signature* | |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **430-2022-01730** |

|  | and EEOC |
|---|---|
| **Not Applicable** | |
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Benjamin Schmidt | 704-362-2710 | |

| Street Address |
|---|
| 7016 Foxworth Drive |
| CHARLOTTE, NC 28226 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Teachers Insurance and Annuity Association of America (TIAA) | 201 - 500 Employees | |

| Street Address |
|---|
| 730 3RD AVE |
| NEW YORK, NY 10017 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Religion | 01/03/2022 | 03/02/2022 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am a former Senior IT Audit Manager for the above-referenced employer.   In November 2021, my employer announced that all US-based employees must be fully vaccinated by March 1, 2022.  I submitted a request for a religious exemption (reasonable accommodation) on a form provided by my employer and II explained my sincerely-held religious belief that there is a divine relationship between nature, man, and God and that a vaccine interferes with that relationship.  My request for an exemption was denied on January 13, 2022 without explanation.   In accordance my religious beliefs, I did not get vaccinated.  On March 2, 2022, I was informed that I was terminated effective immediately for failing to get vaccinated and my employer proposed no alternative reasonable accommodation.   I believe that I have been discriminated against because of my religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Benjamin Schmidt** | |
| **04/29/2022** | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (*month, day, year*) |
| *Charging Party Signature* | |

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Exhibit C

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Charlotte District Office**
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/25/2023

**To:** Mr. Benjamin Schmidt
7016 Foxworth Drive
CHARLOTTE, NC 28226

Charge No: 430-2022-01730

EEOC Representative and email:   NANCY WOLF
Investigator
nancy.wolf@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 430-2022-01730.

On behalf of the Commission,

**Veronica D. Hough**
Digitally signed by Veronica D. Hough
Date: 2023.09.25 17:05:22 -04'00' for

Elizabeth A. Rader
District Director

**Cc:**
Andrew P Burnside
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 POYDRAS ST STE 3500
New Orleans, LA 70139


Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

identifying your request as a "FOIA Request" for Charge Number 430-2022-01730 to the District Director at Elizabeth A. Rader, 129 West Trade Street Suite 400

Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 430-2022-01730 to the District Director at Elizabeth A. Rader, 129 West Trade Street Suite 400

Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.