# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-00881-FDW-DCK

| | |
|---|---|
| BENJAMIN SCHMIDT, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 5). This matter has been fully briefed, (Doc. Nos. 6, 13, 15), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is GRANTED.

## I.  BACKGROUND

In 2008, Plaintiff Benjamin Schmidt ("Plaintiff") began working for Defendant Teachers Insurance and Annuity Association of America ("TIAA" or "Defendant") as a Senior IT Auditor. (Doc. No. 1, p. 3.) In March 2016, Plaintiff was promoted to Senior Manager, IT Audit which is the position he held during the period relevant to this matter. (Id.) As a result of the Covid-19 Pandemic, Defendant transitioned all employees—including Plaintiff—to remote work. (Id.)

In preparation for transitioning employees back to in-person work, Defendant issued a company-wide mandate requiring all employees to receive a Covid-19 vaccine as a condition of continued employment. (Id.) On November 19, 2021, Plaintiff submitted an accommodation request to the vaccine mandate based on a religious exemption. Specifically, Plaintiff asserted the belief that, as a Christian, he has "maintained a life long belief that there is a divine relationship between nature, man and what Individuals believe God to be" and "by necessitating a man-made

1

vaccine as the sole method of preventing the spread of and treating Covid-19, God's plans are being interfered with, contrary to his belief of the sufficiency of and faith in his God given immune system." (Doc. No. 1, p. 2.) In Plaintiff's accommodation request, he further explained his religious objection was not to all vaccines but to "these particular Covid-19 vaccines" based on his belief "that these vaccines ha[d] not undergone enough long-term testing, and thus could cause potential long term adverse effects." (Doc. No. 1, p. 14.)

On January 4, 2022, Plaintiff was interviewed by Defendant's Human Resources Department. (Doc. No. 1, p. 4.) Defendant denied Plaintiff's request for accommodation and, after Plaintiff's continued noncompliance with the vaccine mandate, Plaintiff was ultimately fired on March 2, 2022. (Id.) On or about April 29, 2022, Plaintiff filed a formal Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 1, p. 5.) On September 25, 2023, the EEOC issued a Notice of Right to Sue. Then, on December 20, 2023, Plaintiff filed a Complaint with this Court against Defendant alleging failure to accommodate in violation of Title VII, wrongful termination in violation of Title VII, retaliation in violation of Title VII, and violation of North Carolina law. (Doc. No. 1.)

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) inquiry is limited to determining if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief." Iqbal, 556 U.S. at 678. To survive a 12(b)(6) motion to dismiss, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists only when the factual content allows a court to draw

the "reasonable inference" that the defendant is liable for the misconduct. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014).

In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

The Court finds Defendant has not shown good cause warranting a preliminary hearing on the motion to dismiss. Because there is a sufficient basis in the briefs for this Court to rule, the Court DENIES the request for a hearing. The Court will address the parties' arguments in turn.

**A. Title VII**

Under Title VII, it is unlawful for employers "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e–2(a)(1). The statute excludes from its definition of religion any instance where an employer can show it cannot "reasonably accommodate [ ] an employee's or prospective employee's religious observance or practice without undue hardship." Id. § 20003(j).

1. Failure to Accommodate

As his first cause of action, Plaintiff asserts a claim against Defendant for failure to accommodate in violation of Title VII. To establish a prima facie case of failure to accommodate,

a plaintiff must plausibly alleged he (1) "has a bona fide religious belief that conflicts with an employment requirement; (2) [ ] informed the employer of this belief; [and] (3) [ ] was disciplined for failure to comply with the conflicting employment requirement." Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996).[1] "If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not [reasonably] accommodate the plaintiff's religious needs without undue hardship." E.E.O.C. v. Firestone Fibers & Textiles Co., 515 F.3d 307, 312 (4th Cir. 2008) (quoting Chalmers, 101 F.3d at 1019).

To establish a "bona fide religious belief," a plaintiff must show his purported beliefs are both (1) "sincerely held" and (2) "religious in nature." See Welsh v. United States, 398 U.S. 333, 339 (1970); Ellison v. Inova Health Care Servs., 692 F. Supp. 3d 548, 556–57 (E.D. Va. Sept. 14, 2023). "Whether one's beliefs and practices are religiously motivated is of course a difficult question for courts of law to decide." Ellison, 692 F. Supp. 3d at 557 (citing Doswell v. Smith, 139 F.3d 888 (4th Cir. 1988)). When determining whether a particular belief is religious, the Court may not "question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." Hernandez v. Comm'r, 490 U.S. 680, 699 (1989); Ellison, 692 F. Supp. 3d at 557 ("[T]he determination of whether a plaintiff's beliefs are religious must not turn upon a judicial perception of the belief or practice in question.") (citation omitted). The Court, however, may consider whether the particular belief appears to be "based on a system that is recognizably a religious 'scheme of things,' rather than secular morality or personal health, convenience, preference, or whim." Shigley v. Tydings & Rosenberg, LLP, No. 23-02717, 2024 WL 1156613, at *3 (D. Md. Mar. 18, 2024) (quoting Welsh, 398 U.S. at 339). "[B]eliefs

---

[1] A plaintiff "need not plead a prima facie case of discrimination" to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). Nevertheless, a complaint must plead facts sufficient to plausibly "satisfy the elements of a cause of action created by [ ] statute." McCleary-Evans v. Md. Dep't of Tansp., 780 F.3d 582, 585 (4th Cir. 2015).

4

based on personal preference cannot establish a sincere religious objection under Title VII because they would amount to a 'blanket privilege' with no principled limitation in scope." Finn v. Humane Soc. of U.S., No. 23-2107, 2024 WL 1765702, at *5 (D. Md. Apr. 24, 2024). "Ultimately, beliefs amounting to a declaration that an employee has the right to make unilateral decisions do not constitute religious beliefs, even where religion is expressly invoked in communicating the beliefs." Foshee v. AstraZeneca Pharms. LP, No. 23-00894, 2023 WL 6845425, at *4 (D. Md. Oct. 17, 2023).

At this time, the sincerity of Plaintiff's religious beliefs is not at issue. The issue is whether Plaintiff's beliefs are religious in nature, which Defendant argues they are not. Plaintiff identifies himself as a follower of the Christian faith. (Doc. No. 1, p. 2.) Relevant to his objection to the Covid-19 vaccine, Plaintiff asserts his "belief of the sufficiency of and faith in his God given immune system." (Id.) However, in the comprehensive form Plaintiff completed for Defendant as part of the accommodation request process, Plaintiff noted he has "received vaccines in the past that have been well established over long periods of time" and "[t]he last vaccine [Plaintiff] received was a flu shot on 9-18-2020." (Doc. No. 1, p. 14.) While some plaintiffs have successfully proceeded past the motion to dismiss stage when asserting a belief in "holistic approaches to health" and "oppos[ing] the invasive techniques of traditional medicine" as members of the "Temple of Healing Spirit," this case is distinguishable. See, e.g., Gardner-Alfred v. Fed. Rsrv. Bank of N.Y., 651 F. Supp. 3d 695, 721–22 (S.D.N.Y. Jan. 18, 2023). Plaintiff has failed to plausibly allege any evidence of adherence to a religious tenant that has changed his Christian beliefs such that he was able to receive a vaccine for the flu a mere fourteen months prior to his objection to a vaccine for Covid-19. Instead, Plaintiff has cited secular reasons in opposition to the

5

vaccine mandate combined with his purported religion-based reasons which ultimately dilutes the religious nature. Accordingly, Plaintiff's claim for failure to accommodate is DISMISSED.

    2.    <u>Disparate Treatment</u>

As an alternative theory, Plaintiff also alleges a claim for wrongful termination under Title VII based on disparate treatment. The elements of a prima facie case for a disparate treatment claim are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." <u>Cosby v. South Carolina Probation, Parole & Pardon Servs.</u>, 93 F.4th 707, 714 (4th Cir. 2024) (quoting <u>Coleman v. Md. Ct. of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010)). Importantly, "an employee must demonstrate that the employer treated him differently than other employees because of his religious beliefs." <u>Brennan v. Deluxe Corp.</u>, 361 F. Supp. 3d 494, 507 (D. Md. 2019).

Here, Plaintiff has failed to state a disparate treatment claim because he does not plausibly allege facts supporting the fourth element. Plaintiff has failed to show Defendant treated him differently than other employees on the basis of religion. Plaintiff does not allege other employees of a different religion, or no religion, received more favorable treatment from Defendant. Rather, the vaccine mandate was made equally applicable to all employees such that any employee, regardless of a religious affiliation, or lack thereof, would be terminated for noncompliance. Plaintiff's reliance on <u>E.E.O.C. v. Abercrombie & Fitch Stores, Inc.</u>, 575 U.S. 768 (2015) is misplaced. The Complaint does not plausibly allege Plaintiff's religion was used as a factor for termination. The sole reason for Plaintiff's termination was his failure to comply with the vaccine mandate. Accordingly, Plaintiff's claim for wrongful termination based on disparate treatment is DISMISSED.

### 3. Constructive Discharge

To the extent Plaintiff attempts to allege a claim for constructive discharge, the claim must fail. A claim of constructive discharge requires showing a plaintiff was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign, and a plaintiff must show he actually resigned. Pennsylvania State Police v. Suders, 542 U.S. 129, 148 (2004). Here, the Complaint makes clear Plaintiff was terminated by Defendant and did not resign. Therefore, the claim of constructive discharge is DISMISSED.

### 4. Retaliation

As his third cause of action, Plaintiff asserts a claim against Defendant for retaliation in violation of Title VII. Defendant argues Plaintiff's retaliation claim must be dismissed because Plaintiff failed to exhaust his administrative remedies as to this claim, Plaintiff's request for a religious exemption does not constitute protected activity, and Plaintiff failed to allege a causal connection between protected activity and his termination.

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees or applicants" because they have (i) "opposed any practice made [ ] unlawful" by Title VII or (ii) "made a charge, testified, assisted, or participated in an investigation, proceedings, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). A retaliation claim requires an employee to show "that relation was a but-for cause of a challenged adverse employment action." Foster v. Univ. of Maryland-E. Shore, 787 F.3d 243, 252 (4th Cir. 2015). A plaintiff can establish a prima facie case of retaliation by plausibly pleading (1) he engaged in protected activity, (2) his employer took a materially adverse action against him, and (3) there was a causal link between the two events. Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 271 (4th Cir. 2015). To establish this causal nexus, a plaintiff may allege either "the existence of facts that suggest that the adverse action

occurred because of the protected activity" or "the adverse act bears sufficient temporal proximity to the protected activity." Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 123 (4th Cir. 2021) (internal quotations and citations omitted).

Here, Plaintiff fails to state a retaliation claim because he has not alleged a causal relationship exists between his alleged protected activity[2]—namely, submitting a religious exemption and accommodation request—and his termination. In fact, Plaintiff alleges he was "involuntarily terminated, solely for his refusal to comply with TIAA's Vaccine Mandate." (Doc. No. 1, p. 4.) Though Plaintiff contends "[t]he fact he was terminated the day after the deadline for vaccination" coupled with "the allegations in the Complaint addressing his discussions with his management discussing his religious belief" are sufficient to show a causal connection between Plaintiff's religious objection and his firing, (Doc. No. 13, p. 9), this argument misses the mark and lacks factual support. On the face of the Complaint, Defendant terminated Plaintiff because he did not comply with the vaccination mandate prior to the March 1, 2022, deadline, not because he submitted exemption requests or objected on religious grounds. Additionally, it is clear the vaccine mandate was enacted *before* Plaintiff submitted his religious exemption opposing the vaccination requirement.[3] Therefore, it is not reasonable to infer a causal connection between his religious exemption and accommodation request, and his termination. Accordingly, Plaintiff has not plausibly alleged a claim for retaliation and the claim must be DISMISSED.

B.     **Violation of North Carolina Law**

---

[2] For purposes of analysis, the Court assumes, without deciding, Plaintiff did exhaust his administrative remedies and Plaintiff's religious accommodation request to Defendant's vaccine mandate is protected activity.

[3] See, e.g., Speaks v. Health Sys. Mgmt., Inc., No. 5:22-cv-00077, 2022 WL 3448649, at *6 (W.D.N.C. Aug. 17, 2022) (dismissing ADA retaliation claim where employer's vaccine mandate, and the basis for termination, was enacted prior to plaintiff's opposition); Jorgenson v. Conduct Transp. Sols., Inc., No. SAG-22-01648, 2023 WL 1472022, at * 6 (D. Md. Feb. 2, 2023), aff'd, 2023 WL 4105705 (4th Cir. June 21, 2023) (finding no causal connection where the consequences for noncompliance with a vaccine policy was established before the alleged protected activity occurred).

As his fourth cause of action, Plaintiff asserts a claim against Defendant for violation of North Carolina law. Defendant argues Plaintiff's Complaint fails to state a claim because it "does not allege how complying with the [v]accine [p]olicy would violate North Carolina law, or what North Carolina law protected him from refusing to comply." (Doc. No. 6, p. 13.)

In North Carolina, where no contract exists specifying a period of employment, an employee may generally be terminated by an employer for any reason. McDonnell v. Guilford Cnty. Tradewind Airlines, Inc., 194 N.C. App. 674, 677 (2009) (citations omitted). However, there are exceptions to the at-will doctrine providing a claim for relief when an employee is terminated "(1) for refusing to violate the law at the employers request, (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy." Id. (internal quotations omitted). Under these exceptions, the employee holds the burden of pleading and proving the employee's dismissal occurred for a reason that violates public policy. Considine v. Compass Grp. U.S.A., Inc., 145 N.C. App. 314, 317 (2001).

Here, Plaintiff contends Defendant's vaccine mandate is contrary to North Carolina law and public policy. However, Plaintiff's Complaint is void of any reference to a specific North Carolina law or public policy supporting Plaintiff's claim. Instead, only in response to Defendant's motion, Plaintiff cites to both the Constitution and a North Carolina General Statute. Accordingly, Plaintiff has failed to plausibly state a claim for violation of North Carolina law by failing to provide Defendant with fair notice of the statutory or constitutional grounds upon which his claims rests. Plaintiff's claim for violation of North Carolina law must be DISMISSED.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 5), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claims in his Complaint, (Doc. No. 1), are DISMISSED.

**IT IS SO ORDERED.**

Signed: July 10, 2024

Frank D. Whitney
United States District Judge